

800 LASALLE AVENUE  612 349 8500 TEL
SUITE 2800  612 339 4181 FAX
MINNEAPOLIS MN 55402  ROBINSKAPLAN.COM

PATRICK M. ARENZ
612 349 8591 TEL
PARENZ@ROBINSKAPLAN.COM

February 7, 2020    *Via ECF*

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre St., Room 2202
New York, NY 10007

    Re: *Coscarelli et al. v. ESquared Hospitality LLC et al.*
       Case No. 18-cv-05943-JMF-DCF

Dear Judge Furman:

    On behalf of Chloe, we write to oppose the Defendants' attempt to seal information from the public domain about the summary judgment briefing. After meeting and conferring with counsel for the Defendants, we have reached an impasse over several exhibits that the Defendants have designated as confidential and which are included in our summary judgment opposition and cross-motion. Under Your Honor's Individual Rules and SDNY e-filing rules, we seek permission to file a redacted version of Chloe's memorandum of law and several exhibits under seal solely for the purpose of allowing the Court to address this dispute. To be clear, **Chloe opposes any sealing of these materials**, and files this letter only out of an abundance of caution and because the Defendants have objected to their public filing.

    By way of background, the Defendants filed their motion for summary judgment on January 10, 2020. The Court has set today's date as the deadline for Chloe's opposition and cross-motion. Counsel for the parties have met-and-conferred over the last several days to avoid any dispute over whether any materials should be sealed. However, the Defendants maintained their position that the Court should seal Exhibits 6 (page 337), 13, 14, 15, 19, 20 (pages 217-18), and 24 to the Declaration of Patrick M. Arenz. These materials fall into two categories: (1) the Defendants' pejorative descriptions of Chloe, and (2) a one-paragraph valuation of CCSW LLC dating back almost three years ago to March 2017. Neither category meets the Second Circuit's high standard to seal materials.

    Courts are not secret tribunals. For that reason, "documents used by parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons*." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citing *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (emphasis added)). The Defendants cannot make such a showing here.

The first category of information relates to email exchanges and deposition excerpts[1] about pejorative terms that the Defendants' principals used to refer to Chloe. The emails are authored by James Haber, who is the CEO of Defendant ESquared Hospitality LLC, and Samantha Wasser, who is a Vice President of Defendant BCHG LLC. Defendants' counsel contends "that publication of these materials will garner negative press coverage and harm BCHG and its business." But the law is clear that this alleged concern is insufficient to seal materials from the public. "[T]he mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access." *United States v. Dwyer*, 2016 WL 2903271, at *1 (S.D.N.Y. May 18, 2016) (quoting *United States v. Martoma*, 2014 WL 164181, at *5 (S.D.N.Y. Jan. 9, 2014)). Defendants' argument as to "negative press coverage" is not sufficient to overcome the presumption in favor of public access. *See Ideal Steel Supply Corp. v. Anza*, 2005 WL 1213848, at *3 (S.D.N.Y. May 23, 2005) (that "information will incriminate or embarrass defendants … is not a basis for documents to be held to be 'confidential' under Rule 26"); *Dep't of Econ. Dev. v. Arthur Andersen & Co.*, 924 F. Supp. 449, 487 (S.D.N.Y. 1996) ("'Good cause' is not established merely by the prospect of negative publicity. A party seeking to file documents under seal generally must show both that the documents are confidential and that disclosure will result in a 'clearly defined and very serious injury.'" (internal citation omitted)). The Defendants' abusive language toward Chloe clearly does not meet this standard. Indeed, Ms. Wasser—the author of several emails—testified that she was *not* even embarrassed by the pejorative terms used in reference to Chloe in the emails that the Defendants now want sealed. *See* Arenz Decl. Exhibit 6 (page 337).

Nor do the Defendants have any right to complain since these exhibits are highly relevant to a central dispute in this litigation. The most significant issue in Chloe's motion for summary judgment is that the Court declare the NFL Agreement terminated. The Defendants' only defense to that argument is their contention that they operated in "good faith." Put another way, they have put their subjective intent at issue in this case. The public, therefore, should have access to the relevant evidence for this dispute, including Chloe's rebuttal evidence to their argument that they acted in good faith.

The Court should not seal the second category relating to Exhibit 24 either. This document sets forth the valuation of CCSW LLC (BCHG's predecessor company) from March 2017. Defendants' counsel argues that the document "contains proprietary business information concerning BCHG." But a valuation from almost three years ago is a historical data point and no longer contains competitively sensitive information. Indeed, an updated valuation for the company is now a matter of the public record because CCSW received $31 million in funding from various investment groups, including Bain Capital, in 2018.[2] Nor does Exhibit 24 even contain detailed financial information.

---

[1] Exhibits 6 (page 337), 13, 14, 15, 19, and 20 (page 217-18).
[2] *See* ://www.marketwatch.com/story/exclusive-by-chloe-the-vegan-shake-shack-receives-31-million-investment-to-expand-globally-2018-04-05-8882611.

\*\*\*

Chloe files this letter so that the Court may address the Defendants' demand for the Court to seal the highlighted portions of the following documents that cite to and include Exhibits 6 (page 337), 13, 14, 15, 19, 20 (page 217-18), and 24 to the Declaration of Patrick M. Arenz:

- Chloe's Joint Opposition to Defendants' Motion for Summary Judgment and Cross-Motion for Summary Judgment; and

- Declaration of Patrick M. Arenz in Support of Chloe's Joint Opposition to Defendants' Motion for Summary Judgment and Cross-Motion for Summary Judgment, and attached exhibits.[3]

Chloe opposes the Defendants' demand to seal these materials. And while the Defendants will have an opportunity to submit their own letter brief,[4] Chloe asks the Court to deny that request and order that the public have access to all materials associated with Chloe's opposition and cross-motion for summary judgment.

Respectfully Submitted,

*/s/ Patrick M. Arenz*

Patrick M. Arenz

cc: All Counsel of Record (by ECF)

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. Defendants are ordered to submit any letter in support of sealing or redacting **within two days of this Order.** The Clerk of Court is directed to terminate ECF No. 145. SO ORDERED.

February 10, 2020

---

[3] The current viewing level to be applied to these documents is "Selected Parties."
[4] Defendants are notified that, pursuant to Judge Furman's Individual Rules, they must file a letter explaining the need to seal or redact the document within three days.