

**PRYOR CASHMAN LLP**

New York | Los Angeles

7 Times Square, New York, NY 10036   Tel: 212-421-4100   Fax: 212-326-0806

www.pryorcashman.com

**William L. Charron**
Partner

Direct Tel: 212-326-0156
Direct Fax: 212-798-6927
wcharron@pryorcashman.com

June 12, 2020

**VIA ECF**

Hon. Jesse M. Furman, U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square, Courtroom 1105
New York, New York  10007

      Re:     **Coscarelli *et al.* v. Esquared Hospitality LLC *et al.*
              Case 1:18-cv-05943-JMF**

Dear Judge Furman:

      We represent Defendants ESquared Hospitality LLC and BC Hospitality Group LLC (f/k/a CCSW LLC) (collectively "Defendants") in this action.  We respectfully submit this letter-motion seeking leave to file under seal four categories of documents in connection with Defendants' opposition to Plaintiff Chef Chloe LLC's motion to confirm the Partial Final Award (the "Award") in the parallel arbitration (ECF No. 173) and in support of Defendants' cross-motion to vacate the Award:  (1) Defendants' Memorandum of Law; (2) hearing transcript excerpts from the parallel arbitration; (3) confidential documents detailing the corporate transactions at issue in the arbitration, and (4) an excerpt from the deposition of a non-party concerning those transactions.

      This Court has already temporarily sealed the Award.  (ECF No. 182.)  Defendants respectfully submit that they should also be permitted to file their Memorandum of Law under seal since Defendants' factual and legal arguments, of necessity, address the substance of the Award.  Defendants further submit that the arbitration hearing transcript excerpts (Exhibit H to the Declaration of William L. Charron) ("Charron Declaration") should be sealed for similar reasons.

      In addition, Exhibits C through G of the Charron Declaration are confidential corporate agreements and other documents that detail a series of private corporate transactions that were placed at issue in the arbitration.  Several of these agreements involve non-parties to both this litigation and the Arbitration.  Courts have sealed documents that disclose "non-parties' confidential information and the terms of private securities transactions involving non-parties …." *Royal Park Investments SA/NV v Deutsche Bank Natl. Tr. Co.*, 14-CV-4394 (AJN), 2018 WL 1750595, at *21 (S.D.N.Y. Apr. 11, 2018) (citing *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y 2015) (sealing information regarding proprietary modeling assumptions," "trading strategies, objectives and transactions" as well as "investment strategies."); *see also Kidd v. Thompson Reuters Corp.*, 299 F. Supp. 3d 400, 408 (S.D.N.Y. 2017) (Furman, J.)

**PRYOR CASHMAN LLP**

The Honorable Jesse M. Furman
June 12, 2020
Page 2

(sealing "'proprietary, confidential, and commercially sensitive international training materials'") (citing *Tropical Sails Corp. v. Yext, Inc.,* No. 14-CV-7582 (JFK), 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (sealing documents "relating to marketing and business development activities" including "internal marketing strategies" and "company marketing plans")).

      For similar reasons, Defendants respectfully submit that the excerpt from the deposition transcript of Warren Valdmanis (Charron Decl. Ex. I) should be sealed, as both Mr. Valdmanis and his then-employer are non-parties and Mr. Valdmanis was sharing his employer's considerations concerning the corporate transactions at issue in the arbitration. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("We have previously held that the privacy interests of innocent third-parties should weigh heavily in a court's balancing equation.") (internal quotation marks and alterations omitted).

      Defendants have conferred with counsel for Plaintiff on these matters, and Plaintiff disagrees that any of these materials warrants sealing.

      We thank the Court for its consideration.

                                  Respectfully submitted,

                                  /s/ William L. Charron

cc:  All counsel (via ECF)

> The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF No. 183.  SO ORDERED.
>
> *[signature]*
> June 15, 2020