**ROBINS KAPLAN** LLP

800 LASALLE AVENUE
SUITE 2800
MINNEAPOLIS MN 55402

612 349 8500 TEL
612 339 4181 FAX
ROBINSKAPLAN COM

PATRICK M ARENZ
612 349 8591 TEL
PARENZ@ROBINSKAPLAN COM

June 26, 2020

*Via ECF*

> The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF No. 192.
>
> [signature]
>
> June 26, 2020

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre St., Room 2202
New York, NY 10007

Re: *Coscarelli et al. v. ESquared Hospitality LLC et al.*
Case No. 18-cv-05943-JMF-DCF

Dear Judge Furman:

On behalf of Chloe, we write yet again to oppose the Defendants' continued effort to litigate its motion to vacate in secret. Following a meet-and-confer, we file this letter under your Honor's Individual Rules and SDNY e-filing rules and seek permission to file the extensive list of documents below under seal. To be clear, **Chloe opposes the sealing of any of these documents**. Indeed, the Defendants are insisting that **the Court seal documents already available on the Court's docket**, and trivial documents like a witness list. The Defendants' sealing demands lack any merit, and even fail Rule 11.

Chloe has set forth the Second Circuit's high standard for sealing "narrowly tailored" information only for "the most compelling reasons" in related correspondence. Dkt. 190. By way of background, the parties litigated the disputed issues in the arbitration during the preliminary injunction phase in this Court. *See generally* Dkt. 72. The public record already includes Chloe's claim that her 50% membership interest in the "by Chloe" company was wrongfully seized by ESquared Hospitality and that her interest should be restored. *See id.* Chloe likewise briefed her claim that CCSW LLC may not sell retail products. Even the basis for these claims were filed publicly—mostly by the Defendants themselves. *See, e.g.*, Dkt. 36-10-22.

Yet the Defendants persist in their extraordinary demand to file everything under seal. This demand includes filing documents under seal that they have already filed publicly themselves:

- Arenz Decl. Ex. 21 (already filed at Dkt. 36-21) – The 2002 Samantha Haber Trust
- Arenz Decl. Ex. 22 (already filed at Dkt. 36-22) – The 2002 Lily Haber Trust
- Arenz Decl. Ex. 23 (already filed at Dkt. 36-20) – The 2002 Justin Haber Trust

June 26, 2020                          VIA ECF
Page 2

- Arenz Decl. Ex. 24 (already filed at Dkt. 36-10) – JL Holdings 2002 LLC Operating Agreement
- Arenz Decl. Ex. 25 (already filed at Dkt. 36-12) – Operating Agreement of ESquared Hospitality LLC
- Arenz Decl. Ex. 27 (already filed as Dkt. 36-11) – Amended and Restated Operating Agreement of BLT Restaurant Group LLC
- Arenz Decl. Ex. 28 (already filed at Dkt. 36-15) – LLC Membership Assignment
- Arenz Decl. Ex. 30 (already filed at Dkt. 36-13) – Justin Haber Restaurant Trust
- Arenz Decl. Ex. 31 (already filed at Dkt. 36-14) – Lily Haber Restaurant Trust
- Arenz Decl. Ex. 32 (already filed at Dkt. 36-16) – Operating Agreement of ESquared Holdings LLC
- Arenz Decl. Ex. 33 (already filed at Dkt. 36-17) – Amended and Restated Operating Agreement of ESquared Hospitality LLC
- Arenz Decl. Ex. 7 includes transcript pages 233, 236-237, 335, 336, 338, & 339 (already publicly filed at Dkt. 156-1)

The Defendants also insist that Arenz Decl. Exs. 26 and 29 be sealed, but they merely summarize information contained in the agreements above that they publicly filed. Nor is this inadvertent as we brought these past public filings to the Defendants' attention. *See* Dkt. 190. Perhaps even worse, the Defendants insist that we file Arenz Decl. Ex. 19 under seal. But we obtained this document from a FOIA request—by definition a public record.

      The Defendants' remaining sealing demands are frivolous as well. For instance, nothing about a witness list (Ex. 34) could even arguably meet the Second Circuit's standard. The Defendants' demand that Chloe file her *entire* opposition brief under seal likewise fails—as do their demands for the remaining documents.

      The Defendants lack good faith to file these documents under seal. That the Defendants are dissatisfied with Judge Hochberg's order is no basis to hijack the constitutional and common law principles underlying the Court's guarantee of public access. Indeed, the Defendants continue to pervert these important principles. Chloe thus asks this Court not to seal any of these documents.

June 26, 2020  VIA ECF
Page 3

                                          Respectfully submitted,

                                          */s/ Patrick M. Arenz*

                                          Patrick M. Arenz

cc:      All Counsel of Record (via ECF)