UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                                                :

CHLOE COSCARELLI et al.,                             :

                            Plaintiffs,            :
                                                                        :                 18-CV-5943 (JMF)
                   -v-                                 :
                                                                        :              MEMORANDUM OPINION
ESQUARED HOSPITALITY LLC et al,                :                  AND ORDER
                                                                        :
                          Defendants.           :
                                                                             :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       In this action, celebrity vegan chef Chloe Coscarelli and three limited liability companies of which she is sole owner or member sue ESquared Hospitality LLC and BC Hospitality Group LLC. On January 31, 2019, the Court denied Plaintiffs' motion for preliminary injunctive relief and stayed Counts II, V, and VI of the operative complaint pending arbitration of those claims. *See* ECF No. 72, at 26-27. Thereafter, the parties jointly selected the Honorable Faith S. Hochberg, former United States District Judge for the District of New Jersey, as arbitrator. ECF No. 175-2. Judge Hochberg issued a detailed, ninety-page Partial Final Award on the merits of Plaintiffs' claims on May 13, 2020, *see* ECF Nos. 172-1, 176-5; a Partial Final Award with respect to attorneys' fees on August 13, 2020, *see* ECF No. 212-1; and a Complete Final Award with respect to attorneys' fees on September 3, 2020, *see* ECF No. 212-2 (collectively, the "Awards"). Now pending are cross-motions to confirm or vacate the Awards. ECF Nos. 173, 185. In connection with these motions, Defendants sought to file various documents, including the Awards themselves, under seal. *See* ECF Nos. 183, 198, 211, 234. Over Plaintiff's consistent objection, *see* ECF Nos. 171, 190, 192, 203, 214, 225, 238, the Court granted Defendants' requests on a temporary basis, pending a decision on the underlying cross-motions to confirm or vacate, *see* ECF Nos. 182, 191,

197, 204, 215, 231, 237.  Although these motions remain under advisement, Plaintiffs renew their request to unseal the Awards now, *see* ECF No. 238, a request that Defendants oppose, *see* ECF No. 241.  For the reasons that follow, the Court concludes that most of the documents that were sealed temporarily, including the Awards themselves, must be unsealed, and therefore GRANTS Plaintiffs' request.[1]

"The common law right of public access to judicial documents is firmly rooted in our nation's history."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also Brown v. Maxwell*, 929 F.3d 41, 47-52 (2d Cir. 2019).  This right arises from "the need for federal courts, although independent — indeed, particularly because they are independent — to have a measure of accountability and for the public to have confidence in the administration of justice."  *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*").  In light of the presumption in favor of public access, the Second Circuit has established a three-part test for determining whether documents may be placed under seal.  First, "a court must . . . conclude that the documents at issue are indeed 'judicial documents' . . . and that therefore a common law presumption of access attaches."  *Lugosch*, 435 F.3d at 119.  Second, the court "must determine the weight of that presumption," which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.* (internal quotation marks omitted).  "Finally, . . . the court must balance competing considerations against" the presumption of access, including "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."  *Id.* at 120 (internal quotation marks omitted).  The party seeking to maintain information filed under seal

---

[1]    Additional materials relevant to the parties' cross-motions for summary judgment remain sealed temporarily.  *See* ECF Nos. 140, 146 (cross-motions); ECF Nos. 150, 152 (sealed materials).  The Court will assess whether to keep them sealed or redacted when deciding the underlying motions.  *See* ECF No. 153 (temporary sealing order).

bears "the burden . . . to demonstrate that the interests favoring non-access outweigh those favoring access." *United States v. Amodeo*, 44 F.3d 141, 148 (2d Cir. 1995) ("*Amodeo I*").

Here, it is "plain as day" that the Awards are judicial documents to which the presumption of public access applies, *DXC Tech. Co. v. Hewlett Packard Enter. Co.*, No. 19-CV-7954 (VEC), 2019 WL 4621938, at *1 (S.D.N.Y. Sept. 11, 2019), because they "directly affect the Court's adjudication" of the cross-motions to confirm and vacate, *Aioi Nissay Dowa Ins. Co. Ltd. v. ProSight Specialty Mgmt. Co., Inc.*, No. 12-CV-3274 (JPO), 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012) (internal quotation marks omitted). Additionally, the weight of the presumption is "high" because the information contained in the Awards "constitute[s] 'the heart of what the Court is asked to act upon'" in the motions. *Eagle Star Ins. Co. Ltd. v. Arrowood Indem. Co.*, No. 13-CV-3410 (HB), 2013 WL 5322573, at *2 (S.D.N.Y. Sept. 23, 2013) (quoting *Glob. Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co.*, No. 07-CV-8196 (PKC), 2008 WL 1805459, at *1 (S.D.N.Y. Apr. 21, 2008), *as amended* (Apr. 24, 2008)). Indeed, "[c]ourts in this district have generally been loath to seal arbitration awards" in this context. *Istithmar World PJSC v. Amato*, No. 12-CV-7472 (JFK), 2013 WL 66478, at *3 (S.D.N.Y. Jan. 7, 2013); *see, e.g.*, *PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-CV-5183 (AJN), 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014); *Century Indem. Co. v. AXA Belg.*, No. 11-CV-7263 (JMF), 2012 WL 4354816, at *13 (S.D.N.Y. Sept. 24, 2012); *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11-CV-3694 (LTS), 2011 WL 6015646, at *2-3 (S.D.N.Y. Nov. 30, 2011). Finally, Defendants fail to carry their burden of establishing *any* "interests favoring non-access," much less such interests strong enough to "outweigh those favoring access." *Amodeo I*, 44 F.3d at 148. In fact, in opposing Plaintiffs' motions to unseal the Awards, Defendants merely dispute Plaintiffs' assertion that maintaining the Awards under seal has prevented Coscarelli from pursuing business opportunities. *See* ECF No. 241. That argument might have had some traction if the right of access did not belong to the public

and the burden were on Plaintiffs to justify unsealing. But the right does belong to the public and the burden is on Defendants — the parties seeking to maintain the Awards under seal — to justify why sealing is proper, and Defendants' argument provides no such justification at all. Accordingly, Plaintiffs' motions to unseal the Awards are GRANTED.

Upon review of the parties' submissions with respect to the propriety of keeping other documents related to the Awards under seal or in redacted form, the Court rules as follows:

- Defendants' motions to seal or redact their memoranda of law and reply memoranda in support of their motions to vacate the Awards, which prompted Plaintiffs to file certain portions of their memoranda under seal as well, *see* ECF Nos. 183, 198, 234 (motions to seal); ECF Nos. 194, 187, 200, 235, 239 (memoranda), are DENIED, substantially for the same reasons, namely that the parties' memoranda are central to the Court's resolution of the underlying motions. Moreover, Defendants identify no countervailing considerations that support denying public access to their memoranda.

- Similarly, Defendants' motion to seal the Arbitrator's August 14, 2020 and August 27, 2020 Interim Orders, *see* ECF No. 211 (motion to seal); ECF Nos. 212-3, 212-6 (Interim Orders), is DENIED. Although the Interim Orders are less integral to the Court's consideration of the cross-motions than the parties' memoranda and the Awards themselves are, they give meaningful context to the Awards, and Defendants identify no countervailing considerations. Defendants' motions to seal their arbitral briefs, *see* ECF No. 198 (motion to seal); ECF Nos. 202-1, 202-2 (arbitral briefs), and to seal correspondence between counsel and Judge Hochberg in the context of the arbitration, *see* ECF No. 211 (motion to seal); ECF Nos. 212-7, 212-8 (correspondence), are DENIED for similar reasons.

- Defendants' motion to seal various corporate documents pertaining to BC Hospitality Group Inc. and portions of the transcripts of various employee depositions, *see* ECF No. 183 (motion to seal); ECF Nos. 189-3, 189-4, 189-5, 189-6, 189-7, 189-10 (corporate documents); ECF No. 189-8 (deposition transcripts), is DENIED for failure to establish that the general interest in corporate privacy outweighs the presumption of public access. That denial, however, is without prejudice to an application for narrowly tailored redactions if Defendants can show that they are justified.

- Defendants' motion to seal a one-page excerpt of the transcript of Warren Valdmanis's deposition, *see* ECF Nos. 183 (motion to seal); ECF No. 189-9 (deposition transcript), is DENIED. Although Defendants correctly note that "'the privacy interests of innocent third-parties should weigh heavily in a court's balancing equation,'" ECF No. 183, at 2 (quoting *Amodeo II*, 71 F.3d at 1050), a court must weigh "[t]he nature and degree of injury" from disclosure "[i]n determining the weight to be accorded an assertion of a right of privacy," *Amodeo II*, 71 F.3d at 1051. Here, Defendants fail to identify any injury that would result from disclosure of the one-page excerpt.

- The Court construes Plaintiffs' motion at ECF No. 192 as a motion to unseal all exhibits filed at ECF No. 196.  *See* ECF No. 192 ("To be clear, Chloe opposes the sealing of any of these documents." (emphasis omitted)).  Because Defendants fail to indicate their position on Plaintiffs' motion, it is GRANTED as unopposed, without prejudice to an application for narrowly tailored redactions if Defendants can show that they are justified.

- Plaintiffs' motion to seal or redact references to their counsel's billing rates, *see* ECF No. 225 (motion to seal); ECF Nos. 212-5, 228-1, 228-2 (documents), is GRANTED in part.  Plaintiffs satisfy their burden of demonstrating that the competitive sensitivity of their counsel's rates outweighs the presumption in favor of public disclosure, but they do not establish that ECF No. 212-5 must be sealed in its entirety.  Plaintiffs shall re-file ECF No. 212-5 with unrestricted access and limited redactions of the references to counsel's billing rates.

- Plaintiffs do not establish a basis to maintain under seal ECF Nos. 228-3, 228-4, which do not contain references to Plaintiff's counsel's billing rates.

**In light of the foregoing, the Clerk of Court is directed to unseal (that is, convert to public view, with no restrictions) ECF Nos. 172-1, 176-5, 187, 189-9, 194, 200, 202-1, 202-2, 212-1, 212-2, 212-3, 212-6, 212-7, 212-8, 228-3, 228-4, 235, and 239.**  If any party believes that ECF Nos. 189-3, 189-4, 189-5, 189-6, 189-7, 189-8, 189-10, or any exhibit filed at ECF No. 196, should be redacted, it shall file a letter motion on ECF **within three business days** identifying and explaining the basis for the proposed redactions in light of the relevant legal standard.  Any opposition to such an application shall be filed **within three business days**.  If no party timely moves to redact portions of these documents, then the Court will unseal them in their entirety without further notice to the parties.  Additionally, Plaintiffs are directed to publicly re-file ECF No. 212-5 with limited redactions of counsel's billing rates **within three business days**.

The Clerk of Court is directed to terminate ECF No. 238.

SO ORDERED.

Dated: November 19, 2020
  New York, New York

_____
JESSE M. FURMAN
United States District Judge